# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**MARIAH BLANKENSHIP,**
**Defendant Below, Petitioner**

**v.) No. 25-ICA-131**        (Cir. Ct. Greenbrier Cnty. Case No. CC-13-2023-C-19)

**MOUNTAIN CAP OF**
**WEST VIRGINIA, INC.,**
**Plaintiff Below, Respondent**

**FILED**
**October 24, 2025**
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mariah Blankenship appeals the March 24, 2025, order from the Circuit Court of Greenbrier County. In that order, the circuit court held that Respondent Mountain Cap of West Virginia, Inc. ("Mountain Cap") met its burden of proof to show that Ms. Blankenship was in violation of one or more of her lease terms for failure to pay rent and associated fees from April 2021 to February 2025 resulting in arrears in the amount of $32,494.00. Mountain Cap filed a response in support of the circuit court's order.[1] Ms. Blankenship did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties entered into a Model Lease for Subsidized Programs on April 10, 2018, that set Ms. Blankenship's rent at $0 per month due to assistance but specifies that amount may change due to, among other things, "changes in the Tenant's rent or assistance payment are required by HUD's recertification or subsidy termination procedures[.]" Seemingly since the beginning of the lease, there have been problems with Ms. Blankenship complying with its terms.

This case began with the filing of a Complaint for Summary Relief: Wrongful Occupation of Residential Property by Mountain Cap on March 1, 2023, which sought arrears in the amount of $13,951.00.

---

[1] Ms. Blankenship is self-represented. Mountain Cap is represented by Ambria M. Britton, Esq.

1

Ms. Blankenship initially retained counsel of Legal Aid of West Virginia, Inc., and filed Respondent's Answer and Motion to Dismiss on March 17, 2023. In that document, Ms. Blankenship alleged that Mountain Cap was a Department of Housing and Urban Development ("HUD") subsidized landlord that was subject to additional rules and regulations meant to protect their tenants. Part of these rules and regulations, argued Ms. Blankenship, required Mountain Cap to provide Ms. Blankship with a notice of termination that contained certain information, as well as provide her with an opportunity to meet to address the issue. However, Ms. Blankenship alleged that the notice provided to her was wholly inadequate and she was not provided with an opportunity to meet with Mountain Cap. Ms. Blankenship also asserted that Mountain Cap had failed to meet its burden to terminate her rental assistance and therefore could not seek a judgment for money it was not owed and further, Mountain Cap had breached its duty of good faith and fair dealing.

On March 31, 2023, Mountain Cap sent Ms. Blankenship a letter stating that her arrears continued to accumulate. The letter contained a breakdown of arrears which started in April of 2021 and at the time of the letter totaled $16,247. On April 30, 2023, Mountain Cap sent Ms. Blankenship a letter indicating she was in arrears $16,953.

On July 17, 2023, Ms. Blankenship's counsel filed a Motion to Withdraw on the basis that counsel and Ms. Blankenship had reached an impasse in regard to this litigation. The motion was granted on July 25, 2023.

Following pre-trial litigation, the bench trial was set for February 12, 2025, but was continued to February 28, 2025. There is no transcript from the bench trial in the record before this Court. Following the bench trial, on March 18, 2025, the circuit court entered an Amended Order Following Final Hearing. On March 24, 2025, the circuit court entered a Second Amended Order clarifying the date for vacating the property. In the Second Amended Order, the circuit court found and concluded that Mountain Cap had met its burden of showing that Ms. Blankenship was in violation of her lease for failure to pay rent and associated fees in the amount of $32,494.00. The circuit court also concluded that Mountain Cap had failed to meet its burden of proof in regard to proving damages to the property. As a result, the circuit court ordered Ms. Blankenship to vacate the property by March 28, 2025, at noon and entered judgment against her in the amount of $32,494.00.[2] It is from this order that Ms. Blankenship appeals.

---

[2] While the circuit court's order is deficient because it fails to provide any findings of fact that explain how Ms. Blankenship accumulated rental arrears when the Model Lease for Subsidized Programs in this matter set Ms. Blankenship's monthly rental obligation to $0, it is clear from the appendix submitted by Mountain Cap that Ms. Blankenship's rent obligation changed in April of 2021 due to her failure to properly recertify her eligibility for assistance, which caused her monthly obligation to increase from $0 per month to the market rate of $677.00 per month.

On appeal, we apply the following standard of review:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Pub. Citizen, Inc. v. First Nat. Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996). However, as our Supreme Court of Appeals has held,

> An appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.

Syl. Pt. 5, *Morgan v. Price*, 151 W. Va. 158, 150 S.E.2d 897 (1966); *Cobble v. Lester*, No. 24-ICA-201, 2024 WL 5201017, at *2 (W. Va. Ct. App. Dec. 23, 2024) (memorandum decision).

On appeal, Ms. Blankenship asserts six assignments of error. The first five assignments of error essentially all allege that the circuit court either failed to properly weigh the evidence before it or failed to consider certain evidence. However, as mentioned previously, Ms. Blankenship did not submit a transcript of the bench trial. Pursuant to Rule 7(d) of the West Virginia Rules of Appellate Procedure, petitioners, such as Ms. Blankenship, are required to file an appendix containing, amongst other things, "material excerpts from official transcripts of testimony." The Supreme Court of Appeals of West Virginia has previously held that an appellate court must "take as non[-]existing all facts that do not appear in the [appendix] record and will ignore those issues where the missing record is needed to give factual support to the claim." *Wood v. Stiles*, No. 22-0304, 2023 WL 3071067, at *2 (W. Va. Apr. 25, 2023) (memorandum decision) (quoting *State v. Honaker*, 193 W. Va. 51, 56 n.4, 454 S.E.2d 96, 101 n.4 (1994)). Here, without the benefit of the trial transcript, we cannot determine what evidence was presented to the circuit court and therefore we cannot evaluate Ms. Blankenship's first five assignments of error.[3]

---

[3] Ms. Blankenship claims on appeal that Mountain Cap refused to allow her to recertify her eligibility for assistance. Had Ms. Blankenship provided a transcript that demonstrated she made this claim below, the circuit court's order, which failed to set forth findings of fact regarding the rent increase, would have warranted a remand. Without a transcript to review, however, we cannot confirm that the recertification dispute was asserted to the circuit court below.

Accordingly, Ms. Blankenship has failed to demonstrate error in the circuit court's evaluation of the evidence.

In her final assignment of error, Ms. Blankenship asserts that the circuit court erred by amending its order to correct the date by which Ms. Blankenship was ordered to vacate the property without notice to Ms. Blankenship. We disagree. Rule 60(a) of the West Virginia Rules of Civil Procedure provides that a court "may correct a clerical mistake . . . in a judgment, order, or other part of the record. The court may do so . . . on its own, with or without notice." Accordingly, the circuit court did not err by correcting a clerical mistake without notice to Ms. Blankenship.

Additionally, Ms. Blankenship's contention that this clerical correction deprived her of adequate notice and a fair opportunity to comply with the court's directive is unsupported. As an initial matter, she does not address this assignment of error in the argument section of her brief or cite to any authority in support of her contention that the notice was inadequate. Moreover, though the March 18, 2025, Amended Order erroneously listed March 28, 2026, rather than March 28, 2025, as the date Mountain Cap could contact the Greenbrier County Sheriff to assist in evicting Ms. Blankenship, even that earlier version of the order provided that "an Eviction of [Ms. Blankenship] is appropriate and shall occur by March 28, 2025, at noon." Additionally, Ms. Blankenship acknowledges in her brief that the circuit court ordered the eviction at the February 28, 2025, bench trial, and she does not contend that the court did not provide the March 28, 2025, eviction date at that time. Accordingly, Ms. Blankenship's suggestion that she was not on notice of the date of the eviction until the circuit court entered the Second Amended Order on March 24, 2025, is unsupported.

Therefore, we find no error and affirm the circuit court's March 24, 2025, order.

Affirmed.

**ISSUED:** October 24, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

4